**SHAFFER v SHAFFER ct**

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Nov 17, 1931

Howard E. Hendershott, Cleveland, and Jay S. McDevitt, Mr. Vernon, for plaintiff in error.

Chas. D. Hayden, Centerbury, and L. C. Stillwell, Mt. Vernon, for defendants in error.

SHERICK, PJ.

From this state of facts it became apparent that two questions of law are presented; first, is the plaintiff bound by the judgment of the court in the proceedings in aid of execution to which she was not a party? and, second, did the transaction between these three brothers amount to payment of this note sufficient in law to extinguish the obligation?

Before proceeding however, to a consideration of the two questions of law involved, we would first pass upon the error assigned in that the answer did not state a defense.

The answer as drawn is perhaps saved from the objection claimed, by the injection therein of the allegation that, "if said note was made payable to Madia Shaffer, the plaintiff herein, she was acting in the capacity of a trustee." Under this averment we consider that the defendants might have shown but a bare equity to the note in the plaintiff, and that the full legal title thereto was in her husband, D. M. Shaffer. A pleading attacked by demurrer must be liberally construed in favor of the pleader, and of course these matters that are well pled are confessed to be true. The proof thereafter made thereof, or the lack thereof, cannot be then considered, and this the plaintiff by demurrer rather anticipates.

The first of the two principal questions of law presented may be quickly and easily answered. The plaintiff diligently endeavors to make it clear that a proceeding in aid of execution under §11781 GC is not the remedy of a judgment creditor seeking to reach an equitable interest of the judgment debtor. This is no doubt true in view of §11760 GC, but the fact is lost sight of that the defendants in that proceeding testified that the legal title was in D. M. Shaffer; but be all that as it may, the conclusive fact is that the plaintiff was not notified of or made a party to that proceeding. It is axiomatic of our fundamental law that no one shall be deprived of his or her property without due process of law, and it can make no difference whether her interest in this property be legal or equitable. The plaintiff was entitled to her day in court, and it was highly improper to adjudicate her interest in this note in her absence, and she is not bound by the court's decree in the proceeding in aid of execution, wherein this note was held to be the sole property of her husband, D. M. Shaffer. This court does not lend its sanction to any such attempted confiscation of the plaintiff's property rights.

Now, coming to a consideration of the matter of payment, we believe the law to be well stated by Joyce, 2nd Ed., Vol. 2, §979, in that, "In order to constitute the payment of a negotiable instrument a discharge thereof, the payment must have been made to the legal holder in possession thereof, or to his duly constituted agent with authority to receive the payment. And

if payment is made to one not in possession of the instrument, and without delivery up thereof, he does so at his peril, unless the person receiving payment has authority from the holder or owner as his agent to receive payment thereof." See authorities noted, and also to the same effect, see 3 R.C.L., §521 and permanent supplement thereto.

The defendants say they assumed that the note was payable to D. M. Shaffer. This assumption should not be indulged for two reasons; first, the defendants were bound to know that the plaintiff was the payee of the note. It was their duty to know with whom they contracted, and that they cannot be now heard to say that they did not read the simple contract into which they then entered. Second; they now say that they paid this note without knowledge that the plaintiff was the payee thereof. This claim has no foundation in fact for from their own evidence introduced in this case, that is the decree in the proceeding in aid of execution, it was by the court on January 21, 1930, found: "That said money loaned and due on said note, is the property of said D. M. Shaffer, although said D. M. Shaffer at the time of the execution of said note, wrote in the name of Madia E. Shaffer as payee thereof." The defendants claim under this judgment. They cannot disregard that part thereof which is adverse to their present interest.

We know of no other way by which a negotiable instrument may be discharged other than is provided in §8224 GC. Section (1) of this statute provides, "by payment in due course by or on behalf of the principal debtor." The defendants rely upon this subdivision of the statute as its sole reason for discharge. This provision of the statute must be read in conjunction with §8193, GC, which provides, "Payment is made in due course when it is made at or after the maturity of the instrument to the holder thereof in good faith and without notice that his title is defective." The defendants in this case make no claim or proof that payment was made to the holder or her duly authorized agent, other than to aver that plaintiff was acting as a trustee thereof. This allegation is supported by no proof, unless it be referable to and inferred from the fact that D. M. Shaffer and the plaintiff were husband and wife, and to our notion the fact of this relationship is of itself not sufficient to make proof as a fact that D. M. Shaffer was the authorized trustee or agent of the plaintiff.

The fact that the plaintiff's husband negotiated this loan raises no presumption or implication of authority to collect it without the possession of the note, see 23 L. R. A. 419, and it must be equally apparent that the act of the husband in making the proof of claim in his own name raises no such premumption; for the ratification of one unauthorized act is not a ratification of another and entirely distinct act, nor does the acceptance of the result of an authorized act of which the plaintiff, as in this case, had no knowledge, create an agency by implication to do an entirely different thing, that is, in this case, to receive payment. And we would remark that there is no proof made in this case other than implication: nor is it claimed or shown that the sum claimed to have been paid came to the plaintiff's possession, but rather it is conceded that it did not come to the plaintff's hand.

As said in the very case of **Hoffmester v Black, 78 Oh St 1**, the contract of the maker is to pay to the payee or his order, and he is bound to make payment to the legal holder; and he cannot safely pay to any other person, in the absence of the security properly indorsed, or can not show authority to receive payment for the party entitled to the money; the burden rests on the defendants to show that D. M. Shaffer had such authority, and in this particular the record is silent.

The judgment of the court in the proceeding in aid of execution did not conclude the plaintiff, and was no warrant or authority for the acts of the Shaffer Brothers in the settlement of their cross demands that creates an exception to the rules herein announced.

Deeming it unnecessary to further consider the other errors assigned, it follows, that the judgment of the trial court is reversed and the cause remanded. Exceptions noted.

LEMERT and MONTGOMERY, JJ, concur.